
10/17/2008

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| KATHY ANN RUSSELL, | § | Case No. 06-40987 |
| | § | Chapter 13 |
| Debtor. | § | |

**MEMORANDUM OPINION AND ORDER**
**DENYING MOTION TO REINSTATE CASE**

This matter is before the Court on the Motion to Reinstate Case and Set Aside Order of Dismissal (the "Motion") filed by Kathy Ann Russell (the "Movant") pursuant to Federal Rule of Civil Procedure 59(e), as adopted and applied to bankruptcy cases by Federal Rule of Bankruptcy Procedure 9023, and 11 U.S.C. §105(a). On August 7, 2007, the Chapter 13 trustee filed a motion to dismiss the Movant's Chapter 13 case. The Movant and the Chapter 13 trustee subsequently reached an agreement and submitted an Agreed Order on Trustee's Motion to Dismiss (the "Agreed Order") to this Court. The Agreed Order provided that Movant's case would be dismissed if: (1) the Movant failed to cure her then existing payment arrearages as set forth in the Agreed Order or make her required monthly plan payments to the Chapter 13 trustee; and (2) the Chapter 13 filed a certification of non-compliance with this Court. The Court entered the Agreed Order on August 31, 2007.

On September 23, 2008, pursuant to the Agreed Order, the Chapter 13 trustee filed a certificate of non-compliance with the Court. The Court then issued an Order Establishing Deadline for Objecting to the Trustee's Certification of Non-Compliance (the "Scheduling Order") in which the Court required any objection to the Chapter 13 trustee's certification of non-compliance to be filed no later than October 3, 2008. The

Movant did not file any objection, and the Court entered an Order Dismissing Chapter 13 Case with Retention of Jurisdiction (the "Dismissal Order") on October 6, 2008, dismissing the Movant's case. The Movant, having failed to comply with the Agreed Order, and having failed to comply with the Scheduling Order, now requests that the Court vacate its dismissal of the above-styled bankruptcy case.

The Movant filed her Motion prior to the deadlines for motions under Rule 59 of the Federal Rules of Civil Procedure, *see* FED. R. BANKR. P. 9006(a), and the Movant references "FRCP Rule 59" in the Motion. The Movant, however, invokes the standards of Federal Rule 60(b) by arguing that she did not allow her case to be dismissed through "conscious indifference, purposeful neglect, nor disregard for her responsibility to her plan and this Court …." *See* FED. R. CIV. P. 60(b)(1) (permitting courts to relieve a party from an order based on "mistake, inadvertence, surprise, or excusable neglect…."). The Movant concludes her one-page Motion by asking this Court to "relieve her of the final order of dismissal to permit her to convert to Chapter 7."

Since the Movant filed the Motion within ten days of the Dismissal Order, the Court will construe the Motion as a request for relief under Federal Rule 59(e). *See, e.g., Harcon Barge Co. v. D & G Boat Rentals, Inc.,* 784 F.2d 665, 668 (5th Cir. 1986) (en banc). Federal Rules 60(b) and 59(e) have significant overlaps, but Federal Rule 59(e) does not require a showing as onerous as Federal Rule 60(b) would require to reinstate a bankruptcy case. However, a Federal Rule 59(e) motion should not be granted unless there is: (1) an intervening change in controlling law; (2) new evidence not previously available; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *See, e.g., Schiller v. Physicians Resource Group, Inc.*, 342 F.3d 563, 567 (5th

2

Cir. 2003); *Russ v. Int'l Paper Co.,* 943 F.2d 589, 593 (5th Cir. 1991).  Motions to alter or amend a judgment under Federal Rule 59(e) "serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989) (citations omitted).  Here, at the time of the entry of the Dismissal Order, cause existed to dismiss the Movant's case pursuant to 11 U.S.C. §1307(c)(6).  The Court, having reviewed the Motion as well as the record in this case, finds and concludes that the Movant has failed to establish grounds for the Court to exercise its authority under §105(a) of the Bankruptcy Code or for relief from the Dismissal Order under Federal Rules 59(e).  Accordingly, it is

**ORDERED** that the Motion shall be, and it is hereby, **DENIED**.

Signed on 10/16/2008

*Brenda T. Rhoades*    SD
HONORABLE BRENDA T. RHOADES,
UNITED STATES BANKRUPTCY JUDGE